FRANK D. UPCHURCH, Jr., Judge.
James Isenhour appeals from a final judgment awarding $12,400 to Tipanos.
The parties executed an instrument prepared by Isenhour which was labeled a “Lease/Option to Purchase.” By the instrument, Isenhour, the buyer/lessee, entered into a lease/option to purchase certain property in Ocala for a two-year period commencing on May 1, 1983. The payments were to be $800 per month until January 1, 1984, when they would increase to $1,250 per month. There was also to be an additional $10,000 payment due on September 1, 1983. All payments were to be applied to the purchase price of $160,000.
In August, 1983, Isenhour notified Tipa-nos he was vacating and terminating the agreement as of September 15, 1983. He contended that plumbing and electrical problems made the premises “unsatisfactory.” Isenhour did not pay the $10,000 due on September 1, 1983, nor did he pay some $2,400 in monthly payments.
Tipanos brought suit in two counts. Count one alleged that $12,400 was due and payable under the agreement. The second count sought specific performance. The court awarded judgment for the $12,-400 and made no ruling on the count for specific performance. In ruling as it did, the court found that the agreement, which stated that “at the end of this period [two years] James K. Isenhour must exercise his option to purchase” was actually a lease with an agreement to purchase.
Isenhour argues that the court erred in finding that the “Lease/Option to Purchase” was a lease with an agreement to purchase, rather than with an option to purchase. Isenhour does not deny that he may be liable for the $800 monthly payments as they accrue, but claims he is not liable for what he calls the $10,000 “option money.”
While we do not agree with the court’s finding that the “Lease/Option to Purchase” was a lease with an agreement to purchase rather than an option to purchase, we agree with the result. The court did not rule on the count for specific performance and so whether the lease was with an option or an agreement to purchase is not an issue. It is clear that the payments required under the agreement were due. The agreement makes no distinction between the monthly payments and the $10,000 payment due September 1, 1983. Both were designated “consideration” for the lease/option agreement. It is clear they were unpaid. Isenhour bargained and obtained the right to occupy the property with an option to purchase for a two-year period. As consideration for that right he agreed to make certain payments. He did not. The “Lease/Option to Purchase” did not relieve him of this obligation if he elected not to exercise the option or decided he no longer wanted the option.
AFFIRMED.
COBB, C.J., concurs.
DAUKSCH, J., dissents with opinion.